UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:07-CR-157 |
| Plaintiff, | |
| v. | Hon. Richard Alan Enslen |
| LEONDRE PATTON, | **ORDER** |
| Defendant. | |
| _____/ | |

Defendant Leondre Patton, through counsel, has moved to require government agents and law enforcement officers to retain rough notes; to suppress Defendant's confession; to suppress evidence of a vehicle search; and for production of *Brady* materials, including videotapes, audio tape records and photographs, as well as a copy of the State of Michigan policies regarding impoundment and inventory searches.

In response, the Government has indicated that it has already requested the DEA Agent investigating the case and the two Michigan State Police Troopers that arrested Defendant to retain their rough notes concerning the arrest and interview of Defendant. As such, this relief is unnecessary.

An evidentiary hearing for a motion to suppress is not granted as a matter of course. A hearing is only necessary where the defendant alleges sufficient facts that, if proven, would justify relief. *See United States v. One 1965 Buick*, 392 F.2d 672, 678 (6th Cir. 1968). "Essentially, a hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *See United States v. Downs*, No. 96-3862, 1999 U.S. App. LEXIS 835, at *9 (6th Cir. Jan. 19, 1999) (quoting *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967)).

Defendant has failed to identify sufficient facts that, if proven, would justify suppressing the seized evidence of the vehicle search. Defendant, a passenger in the vehicle, contends that "the stop and subsequent search of the vehicle was unlawful and in violation of the Fourth Amendment to the United States Constitution." Def.'s Br. to Supp. Evid. 2. Nowhere does Defendant specify facts as to why the State Police Troopers lacked reasonable suspicion for making the traffic stop. The facts articulated by Defendant are not sufficiently definite, specific, or detailed. Accordingly, this Court determines that a hearing is unwarranted as to the vehicle search. The Court will, however, hear Defendant's Motion to Suppress Confession given that the Government bears the burden of proving the voluntariness of the confession. *See United States v. Blakeney*, 942 F.2d 1001, 1015 (6th Cir. 1991).

The Government has indicated in its response that it has already produced a copy of the video of the stop and search of the car and will produce copies of photographs taken at the scene. The Government objects to Defendant's request for the production of the State of Michigan policies on impoundment and inventory searches. *Brady v. Maryland*, 373 U.S. 83 (1963), held that due process requires the government to turn over evidence to the defense that is favorable to the accused when such evidence is material. *Id*. at 87; *see also United States v. Jordan*, 316 F.3d 1215, 1252 (6th Cir. 2003). The government need only disclose evidence which has a reasonable probability, in the eyes of a neutral and objective observer, of altering the outcome of the proceedings. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *United States v. Agurs*, 427 U.S. 97, 106 (1976).

Defendant has not identified any reason why state police policies on impoundment and inventory searches are material to his defense. In the absence of a relevant and articulated reason, it is not the province of this Court to speculate as to how this may help Defendant's defense.

2

Withholding these confidential state police policies from Defendant does not implicate any of Defendant's due process rights.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Leondre Patton's Motion to Require Government Agents and Law Enforcement Officers to Retain Rough Notes (Dkt. No. 17) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Confession (Dkt. No. 15) will be heard on September 11, 2007 at 9:00 a.m.

**IT IS FURTHER ORDERED** that Defendant's Motion for Evidentiary Hearing to Suppress Evidence Obtained in Search (Dkt. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Brady Disclosure/Discovery (Dkt. No. 14) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that the Government must give copies of all photographs taken at the scene to Defendant no later than September 10, 2007. The Motion is **DENIED** as to Defendant's request for the production of the State of Michigan policies on impoundment and inventory searches

**IT IS FURTHER ORDERED** that Defendant's final pretrial conference is **RESCHEDULED** to October 3, 2007 at 12:15 p.m.

**IT IS FURTHER ORDERED** that Defendant's trial is **RESCHEDULED** to October 23, 2007 at 8:30 a.m.

                                             /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:        RICHARD ALAN ENSLEN
    August 30, 2007           SENIOR UNITED STATES DISTRICT JUDGE